UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| THE STOP & SHOP SUPERMARKET COMPANY LLC, | : : | CIVIL ACTION NO.: 04 CV 12441 (NMG) |
| Plaintiff, | : : | |
| V. | : : | |
| JPMORGAN CHASE BANK, | : : | |
| Defendant. | : | DECEMBER 21, 2004 |

### JPMORGAN CHASE BANK'S MEMORANDUM OF LAW IN OPPOSITION TO THE STOP & SHOP SUPERMARKET COMPANY LLC'S MOTION TO REMAND AND REPLY TO OPPOSITION TO JPMORGAN CHASE BANK'S MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER VENUE

McCARTER & ENGLISH LLP
Thomas J. Finn
(BBO # 561346)
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397

## INTRODUCTION

Pursuant to Rule 7.1(b) of the Local Rules of the United States District Court for the District of Massachusetts, the defendant, JPMorgan Chase Bank, n/k/a JPMorgan Chase Bank, N.A. ("Chase"), opposes The Stop & Shop Supermarket Company LLC's Motion to Remand, dated December 7, 2004 ("Motion to Remand" or "Motion").[1]  Chase respectfully submits that the Motion to Remand, which is meritless and obfuscated by Stop & Shop's spurious conduct of making unfounded and unwarranted allegations regarding Chase's conduct in properly removing this action, should be denied.[2]

The arguments set forth in support of Stop & Shop's Motion misstate and mischaracterize the law concerning a defendant's right to remove an action to the district court pursuant to 28 U.S.C. §§ 1441 and 1446.  Rather than argue the legal issues relevant to the removal of the action and applicable law, Stop & Shop attempts to obscure the issues properly before the Court by disingenuously mischaracterizing Chase's conduct and conversations between counsel.  As such, Stop & Shop causes both Chase and the Court to spend needless time, effort, and resources in responding to this frivolous Motion and the baseless assertions set forth therein.

---

[1] Chase submits one memorandum of law in opposition to the memorandum of law which the plaintiff, The Stop & Shop Supermarket Company LLC ("Stop & Shop") filed on December 7, 2004, in support of both its Motion to Remand and its opposition to Chase's Motion to Dismiss or Alternatively to Transfer Venue, dated November 23, 2004 ("Motion to Dismiss").  Stop & Shop relies upon its Motion to Remand as one of the bases for denying Chase's Motion to Dismiss filed in this matter.  See Motion at 5.  In doing so, Stop & Shop has obscured the issues relevant to the instant Motion and its opposition to the Motion to Dismiss.  Accordingly, Chase is necessarily required to address the arguments asserted by Stop & Shop in opposition to the Motion to Dismiss as well in order to properly and adequately address the arguments set forth by Stop & Shop in support of the instant Motion.  Therefore, for purposes of ease and efficiency, Chase has requested permission from the Court to reply to Stop & Shop's opposition to the Motion to Dismiss simultaneously with Chase's opposition to Stop & Shop's Motion to Remand.

[2] While counsel for Chase generally would not burden the Court with such issues, the accusations set forth in the Motion that Chase's counsel has acted fraudulently and in bad faith are wholly unfounded and unwarranted.  As such, Chase's counsel is compelled to address the misrepresentations and mischaracterizations made by Stop & Shop and clarify them for the Court.

Stop & Shop's arguments needlessly confuse the factual and legal issues before the

Court. As such, Stop & Shop fails to establish that the removal of this action was improper and

fails to adequately address the substantive and fundamental arguments of Chase's Motion to

Dismiss. Accordingly, Chase maintains that Stop & Shop's Motion should be denied as the

removal of this action was proper and submits that Chase's Motion to Dismiss should be granted.

## FACTS

The facts and circumstances underlying this action arise from Chase's right to holdover at

its location at the Copps Hill Plaza, located in Ridgefield, Connecticut (the "Premises"), where

Chase had operated a retail banking branch (the "Ridgefield Branch") for over ten years.[3] Due to

circumstances beyond its control, Chase was unable to vacate the Premises by the expiration of

the lease's term and paid the additional holdover rent called for under its lease as liquidated

damages. During the holdover period, however, the lessor of the Premises, Ridgefield Properties

LLC ("Ridgefield Properties") engaged in construction activities that interfered with Chase's

operations and breached Chase's lease rights. As a result, Chase commenced an action entitled

JPMorgan Chase Bank v. Ridgefield Properties LLC, et al, 3:02 CV 2266 (RNC) (the "Original

Action")[4] in the United States District Court for the District of Connecticut (the "Connecticut

District Court"), seeking to recover its damages and seeking declaratory relief that Chase was

justified and entitled to remain on the Premises as a result of factors out of its control.[5]

---

[3] The facts of this matter are more fully set forth in Chase's Memorandum of Law in Support of Motion to Dismiss or Alternatively to Transfer Venue, dated November 23, 2004 ("Chase's Memorandum"), at 3-6.

[4] By Order of Transfer, dated December 15, 2004, this matter, originally pending before the Honorable Alvin W. Thompson, was transferred to the Honorable Robert N. Chatigny. See Order of Transfer, dated December 15, 2004 (attached hereto as Exhibit A).

[5] Chase commenced suit against Ridgefield Properties as well as Samuels & Associates Management LLC ("Samuels"), acting as Ridgefield Properties' agent, in connection with its misrepresentations during the lease negotiations between the parties. See Amended Complaint, dated January 8, 2003 (attached as Exhibit 1 to the Motion to Dismiss).

In an effort to resolve their dispute, the parties to the Original Action sought a stay of the action pending mediation of their claims, which stay was granted by way of the Court's endorsement order dated January 13, 2004. See Endorsement Order, dated January 13, 2004 (attached hereto as Exhibit B). Thereafter Stop & Shop asserted a demand for damages on Chase for injuries it purportedly suffered as a result of Chase's holdover at the Premises. See Correspondence from Frank J. Bailey, Esq. to Chase, dated January 22, 2004 ("Demand Letter") (attached as Exhibit 2 to the Motion to Dismiss).

Stop & Shop participated in subsequent attempts to mediate the matter. During this time, the parties to the Original Action -- Chase, Ridgefield Properties, and Samuels -- requested and were granted extensions of the stay, the most recent granted by way of endorsement order dated August 12, 2004. See Endorsement Order, dated August 12, 2004 (attached hereto as Exhibit C). The Court extended the stay of the Original Action until the sooner of either November 1, 2004, or further order of the Court, for purposes of accommodating a mediation conference scheduled before Magistrate Judge Martinez on October 20, 2004. See id. But since Stop & Shop was not a party to the Original Action, the stay did not apply to it, nor could it.

During the October 20, 2004, status conference, Chase, through its counsel, reported that Chase could not produce a representative with personal authority to accept the combined current demands of Stop & Shop and Ridgefield Properties, given the nature of those demands. For this reason Chase, through its counsel, stated that it believed that there was no reason to continue with the mediation. See Affidavit of Timothy S. Fisher in Support of JPMorgan Chase Bank's Memorandum of Law in Opposition to the Stop & Shop Supermarket Company LLC's Motion to Remand and Reply to Opposition to JPMorgan Chase Bank's Motion to Dismiss or Alternatively to Transfer Venue, dated December 21, 2004 ("Fisher Aff.") at ¶¶ 3, 5.

Chase's counsel also addressed the likelihood that litigation would ensue between Chase and Stop & Shop, and observed that since that litigation would involve the same factual and legal issues as the current lawsuit in Connecticut, it should be filed in the federal court for the District of Connecticut. See Fisher Aff. at ¶ 6. Chase's counsel further stated that it had refrained from joining Stop & Shop as a party to the Original Action in light of the stay, which stay was set to expire on November 1, 2004. See Endorsement Order, dated August 12, 2004. Chase thereupon proposed that Stop & Shop agree to forebear from any filing, otherwise, Chase would file a separate action in order to adequately protect its rights. See Fisher Aff. at ¶ 6. Stop & Shop, through its counsel Frank J. Bailey, Esq. ("Mr. Bailey"), stated that it was unwilling to agree to any forbearance. See id.

Accordingly, Chase commenced a declaratory judgment action against Stop & Shop entitled, JPMorgan Chase Bank v. Stop & Shop Supermarket Co., 3:04 CV 1763 (JBA) (the "Connecticut Action").[6] See Complaint, dated October 20, 2004 ("Complaint") (attached as Exhibit 3 to the Motion to Dismiss). Prior to filing the action, however, at approximately 4:00 p.m., Chase's counsel once again attempted to contact Stop & Shop's counsel as a professional courtesy in an effort to reach a stipulation to forebear from any filing. See Fisher Aff. at ¶ 7. As Stop & Shop's counsel was unavailable and because of Stop & Shop's prior statement that it was unwilling to agree to forebear from filing an action, Chase filed the Complaint.

Paula Cruz Cedillo, Esq. ("Ms. Cedillo"), counsel for Chase, personally filed the Complaint, arriving at the courthouse on October 20, 2004, at approximately 4:45 p.m. See Affidavit of Paula Cruz Cedillo in Support of JPMorgan Chase Bank's Memorandum of Law in Opposition to the Stop & Shop Supermarket Company LLC's Motion to Remand and Reply to

Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the District of Massachusetts, Chase, through its counsel, attempted to meet and confer prior to filing the Motion to Dismiss and forwarded a copy of the proposed motion to Stop & Shop's counsel. See Cedillo Aff. at ¶ 6. On November 23, 2004, counsel for the parties participated in a meet and confer concerning the Motion to Dismiss. See Cedillo Aff. at ¶ 7. During this conference, the facts and circumstances surrounding the time-stamp on the Complaint filed in the Connecticut Action were explained to Mr. Bailey in an effort to clarify his misperception regarding the time of the filing of the Connecticut Action. See Cedillo Aff. at ¶ 8. At no time did Chase's counsel ever state or represent to Mr. Bailey that it is the Connecticut District Court's "custom and practice" to time-stamp documents one hour behind the actual time of filing. See Cedillo Aff. at ¶¶ 8-9. Rather, Chase has at all times sought only to explain what the Clerk's office has since confirmed: that the time-stamp machine was off by an hour.

## ARGUMENT

## I.    Stop & Shop's Motion Must be Denied Because Service of Process is Not a Prerequisite to a Defendant's Right to Remove an Action to Federal Court

The instant matter should not be remanded because removal of this action from the Massachusetts Superior Court was proper. Stop & Shop's arguments in support of the Motion are without merit and are not supported by applicable law. Accordingly, the instant Motion should be denied.

28 U.S.C. § 1441 provides a defendant the right to remove to the district court any civil action that was brought in state court over which the district court has original jurisdiction. See 28 U.S.C. § 1441(a). 28 U.S.C. § 1446 sets forth the procedure to be followed for the removal and provides, in pertinent part, that a defendant must file a notice of removal of the action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading . . . ." 28 U.S.C. § 1446(b).  A motion to remand the action may be brought

on the basis of any defect in the removal procedure.  See 28 U.S.C. § 1447(c).

In support of its argument that the instant matter should be remanded to Massachusetts

state court, Stop & Shop claims that removal was improper because no right to remove exists

until Chase is formally served with the Complaint or summons.  See Motion at 6.  In support of

its argument, Stop & Shop cites the United States Supreme Court's decision in Murphy Bros.

Inc. v. Michetti Pipe Stinging Inc., 526 U.S. 344 (1999).  However, Stop & Shop's

characterization of the Supreme Court's opinion in Murphy Bros. is an untenable position that

has been explicitly rejected by subsequent federal courts that have addressed it.

Service of process is not a prerequisite to the removal of an action to federal court.  See

Delgado v. Shell Oil Co., 321 F.3d 165, 177 (5th Cir. 2000); Bell v. Am. Gen. Fin., Inc., 26 F.

Supp. 2d 582, 583-84 (S.D. Miss. 2003);  Arthur v. Litton Loan Servicing LP, 249 F. Supp. 2d

924, 931 (E.D. Tenn. 2002).  The "through service or otherwise" language of 28 U.S.C. §

1446(b) has been interpreted "as consciously reflecting a desire on the part of Congress to

require that an action be commenced against a defendant before removal, but not that the

defendant have been served."  Delgado, 321 F.3d at 177 (emphasis added).  In so holding, the

Court of Appeals for the Fifth Circuit expressly distinguished the Supreme Court's decision in

Murphy Bros., providing that "the decision did not address whether service was a prerequisite for

a defendant to be able to remove a case."  Delgado, 321 F.3d at 177 n.23;  see also Bell, 26 F.

Supp. 2d at 583-84 (distinguishing the Murphy Bros. decision on the same grounds).

The issue before the Supreme Court in Murphy Bros. was whether the defendant had

timely filed a notice of removal within thirty (30) days of its receipt of the initial pleading as

required by 28 U.S.C. 1446.  Specifically, the defendant removed the action within thirty (30)

days of service, but forty-five (45) days after it initially received a courtesy copy of the

complaint. See Murphy Bros., 526 U.S. at 348. Thus, the Supreme Court focused its analysis

upon which event (either service or receipt of a courtesy copy) the thirty (30) days should be

computed from for purposes of determining whether the removal was timely filed.[8]  See Murphy

Bros., 526 U.S. at 347-49. In holding that the thirty (30) days begins to run from service upon

the defendant, the Supreme Court considered the history and text of 28 U.S.C. § 1446(b),

reasoning that a defendant must be afforded sufficient time and opportunity in which to decide

whether to remove the action to federal court. See Murphy Bros., 526 U.S. at 351, 354; Bell, 26

F. Supp. 2d at 583-84.

Given the holding Murphy Bros., the rationale underlying the decision, as well as the

plain language of the removal statutes, Stop & Shop's argument that Chase was not entitled to

remove this action until it was served is unfounded and contrary to applicable law. All that is

required is that an action have been commenced prior to removal. See Delgado, 321 F.3d at 177;

Bell, 26 F. Supp. 2d at 584. In Massachusetts, a civil action is considered commenced when it is

filed. See Mass. R. Civ. P. 3(2). The instant action was commenced on October 21, 2004, when

it was filed with the Massachusetts Super Court. See id.  Therefore, as the Notice of Removal

was filed thereafter, removal of the action was timely and proper. See Delgado, 321 F.3d at 177;

Bell, 26 F. Supp. 2d at 584.

Indeed, federal courts have clearly rejected the specific argument set forth by Stop &

Shop in support of the instant Motion and have denied motions to remand on the basis that the

removal was somehow premature. See Delgado, 321 F.3d at 177; Bell, 26 F. Supp. 2d at 583-84;

---

[8] Prior to the decision in Murphy Bros., there was a split among the circuits as to whether the "through service or otherwise" language of 28 U.S.C. 1446 required formal service of process to start the thirty (30) day period from which the notice of removal must be filed. See Murphy Bros., 526 U.S. at 349; Whitaker v. Am. Telecasting Inc., 261 F.3d 196, 201-02 (2d Cir. 2001).

Arthur, 249 F. Supp. 2d at 931.  Although it may be usual for civil actions to be removed after service of process, it is not required.

> There is nothing in the plain language of § 1446(b) that precludes [a defendant] from filing a notice of removal prior to the plaintiff[] effecting service of process upon [the defendant].  Service of process is not a prerequisite to the defendant[] exercising [its] right of removal under 28 U.S.C. § 1446.  Service of process can be effected after removal.

Arthur, 249 F. Supp. 2d at 931 (internal citations omitted); see Delgado, 321 F.3d at 177; Bell, 26 F. Supp. 2d at 583-84;  see also 28 U.S.C. § 1448 (providing for service of process upon a defendant after the case has been removed from state court).  The cases cited by Stop & Shop fail to support the remand of this action and are distinguishable in that they do not address the issue presently before this Court of whether removal prior to service of process is proper.[9]  See Omni Capital Int'l Ltd v. Rudolf Wolff & Co. Ltd, 484 U.S. 97 (1987) (dismissing action for lack of personal jurisdiction);  Mills v. Harmon Law Offices PC, 344 F.3d 42 (1st Cir. 2003) (remanding case for lack of subject matter jurisdiction by operation of the Rooker-Feldman doctrine, not because of any defect in removal procedure); Loftis v. United Parcel Serv. Inc., 342 F.3d 509 (6th Cir. 2003) (remanding action because not all defendants joined in the petition for removal as required by 28 U.S.C. § 1446); Badon v. RJR Nabisco Inc., 224 F.3d 382 (5th Cir. 2000) (remanding action because removal was untimely under the one year limitation set forth in 28 U.S.C. § 1446).  As Stop & Shop fails to provide any valid basis for a remand of this action, the Motion must be denied.

---

[9]  In fact, Stop & Shop ignores those cases cited by Chase that do address the precise issue presently before the Court.  See Motion.  By doing so, Chase submits that Stop & Shop has misrepresented the state of the law and violated its duty of candor to the Court.  Stop & Shop has further acted in bad faith in pursuing a motion to remand on frivolous grounds.

### A.    Chase Did Not Act in Bad Faith in Removing the Action

Stop & Shop speciously mischaracterizes the Notice of Removal as a "fraud on this Court," asserting that Chase acted in bad faith in removing the action because Stop & Shop had not provided Chase with a copy of the Complaint. See Motion at 7-8. Such an accusation is unwarranted and unfounded, and is an apparent attempt to mask the patent deficiencies in the basis upon which Stop & Shop moved to remand. Stop & Shop cannot and does not cite to any legal authority in support of Chase's purported impropriety in removing the action because Stop & Shop did not provide Chase with a copy of the Complaint. See Motion at 7-8. To the contrary, as previously discussed, the legislative history of 28 U.S.C. § 1446 "reflects a clear concern for ensuring that a defendant know what the suit is about before triggering the removal clock." Whitaker v. Am. Telecasting Inc., 261 F.3d 196, 204 (2d Cir. 2001) (quoting Murphy Bros., 526 U.S. at 352) (internal quotations omitted). Given this purpose, as well as the reasoning of the Murphy Bros. decision, Stop & Shop's position that Chase was required to have received a copy of the Complaint from Stop & Shop is without merit as the statute is concerned with fairly apprising a defendant of the nature of the action prior to the expiration of the time in which the action must be removed.

Additionally, Stop & Shop claims that Chase's removal of this action was improper because Chase purportedly misled Stop & Shop as to whether it had already or was about to commence the Connecticut Action, citing to the discrepancy in the time-stamp on the Complaint filed in the Connecticut Action and the time Chase's counsel called Stop & Shop's counsel on October 20, 2004. See Motion at 4. Setting aside the fact that counsel had no obligation whatsoever to make the second courtesy call inquiring about Stop & Shop's willingness to forebear on a filing, and setting aside the fact that this is not a valid basis upon which to remand

an action properly removed to federal court, Stop & Stop's counsel has blatantly misrepresented the substance of the conversation between the parties' counsel regarding this issue. As previously discussed, Chase's counsel explained the circumstances surrounding the time-stamp on the Complaint to Mr. Bailey during the meet and confer regarding Chase's Motion to Dismiss. See Cedillo Aff. at ¶¶ 7-8. Specifically, Ms. Cedillo arrived at the courthouse at approximately 4:45 p.m., at which time the doors to the Clerk's office were closed. See Cedillo Aff. at ¶ 4. As such, Ms. Cedillo proceeded to time-stamp the Complaint at the file-stamp machine located outside the Clerk's office and deposited the Complaint in the drop-box provided by the Court. See Cedillo Aff. at ¶ 4. However, the time on the file-stamp machine was off one hour, erroneously indicating that the Complaint was filed at 3:47 p.m., rather than at 4:47 p.m., the time the Complaint was actually filed. See Cedillo Aff. at ¶ 5. Indeed, the Connecticut District Court has verified that the file-stamp machine was, in fact, off by one hour. See Notice to the Parties.

Despite having been advised of the circumstances surrounding the discrepancy of the time-stamp, Stop & Shop's counsel nonetheless proceeded to mischaracterize counsels' discussions to the Court if for no other reason than to attempt to substantiate Stop & Shop's unfounded allegations that Chase acted in bad faith and somehow "deliberately misled" Stop & Shop. See Motion at 4. At no time did Chase's counsel ever state or represent to Mr. Bailey that it is the Connecticut District Court's "custom and practice" to time-stamp documents one hour behind the actual time of filing. See Cedillo Aff. at ¶¶ 8-9.

Notwithstanding these misrepresentations, by creating an issue out of the timing involved in the filing of the Connecticut Action, Stop & Shop ignores the fact that a party has no obligation whatsoever to notify a future defendant of the intent to file an action against it.

Rather, Chase twice provided Stop & Shop and opportunity to stipulate to forebear from filing as a courtesy to Stop & Shop. See Fisher Aff. at ¶¶ 6-7. Stop & Shop now disingenuously misrepresents the facts surrounding the extension of this professional courtesy as a means by which to avoid litigating its claims in the proper venue -- the Connecticut District Court. It does so in a transparent attempt to divert the Court's attention from the factual and legal deficiencies in its arguments by obscuring the issues properly before the Court.

### B.    Stop & Shop is Not Entitled to Costs Associated with the Motion

Incredulously, Stop & Shop seeks to recover its attorneys' fees and costs incurred in bringing the Motion. See Motion at 5, 7-8. Yet, as previously discussed, the basis upon which Stop & Shop seeks to remand this action is wholly without merit and contrary to law. Indeed, in bringing this Motion, Stop & Shop ignored relevant case law which squarely addresses the issue before the Court and further mischaracterized the holdings of the legal authority cited in support of the Motion. In essence, Stop & Shop seeks to recover its costs in pursuing a frivolous Motion. Stop & Shop fails to set forth any valid basis upon which to remand the instant action and, therefore, an award of attorneys' fees and costs is not appropriate.

Additionally, Stop & Shop claims that Chase made false assertions in the Notice of Removal, taking issue with paragraphs 2 and 5 of the Notice. See Motion at 7-8. As previously discussed, whether Chase first received notice of the Massachusetts action filed by Stop & Shop is immaterial.[10] Stop & Shop has failed to demonstrate that the removal was somehow improper or effected in bad faith merely because Stop & Shop did not provide Chase with a copy of the Complaint. Accordingly, Chase respectfully submits that the instant Motion as well as the request for attorneys' fees and costs should be denied.

---

[10] Nonetheless, Chase's counsel submits that at the time the Notice of Removal was filed, Chase's counsel had a good faith basis upon which to believe that Chase had received a copy of the Complaint from Stop & Shop.

II.    **The Instant Action Should Be Dismissed Pursuant to the First Filed Rule**

Stop & Shop fails to adequately set forth any tenable argument to prevent the application

of the First Filed Rule. As set forth more fully in Chase's Memorandum of Law in Support of

Motion to Dismiss or Alternatively to Transfer Venue, dated November 23, 2004 ("Chase's

Memorandum"), it is well settled that where two actions are pending concurrently in two federal

courts, the first-filed action is preferred as the appropriate venue. See, e.g., Coady v. Ashcroft &

Gerel, 223 F.3d 1, 11 (1st Cir. 2000); Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st

Cir. 1987). As previously discussed, the instant action arises out of the same facts and

circumstances already at issue in two matters currently pending before the Connecticut District

Court, which actions may potentially be consolidated pending the outcome of the Motion to

Consolidate filed by Chase. See Motion to Consolidate. Accordingly, dismissal of the instant

matter will properly avoid otherwise duplicative litigation and unnecessary waste of judicial

resources.

A.    **The First Filed Rule is Applicable to Present Litigation**

In a tenuous effort to escape having to litigate its claims in the proper forum before the

Connecticut District Court, Stop & Shop asserts that because of Chase's alleged manipulation of

the federal dockets, the First Filed Rule is inapplicable. See Motion at 8-10. Stop & Shop's

mischaracterizations of the facts, however, cannot support such an unfounded contention.

Stop & Shop appears to argue that Chase's filing of the Motion to Consolidate, filed on

November 30, 2004, was somehow inappropriate and filed "in disregard" of Stop & Shop's

Motion to Dismiss the Complaint, dated November 29, 2004. See Motion at 8-9. Such

allegations are baseless. Chase informed both this Court and Stop & Shop of its intent to seek

14

consolidation of the Original and Connecticut Actions. See Chase's Memorandum at notes 5 and 7. Additionally, at the time it filed the Motion to Consolidate, Chase had not yet received notice of Stop & Shop's Motion to Dismiss, which was filed the preceding day and served by mail. Moreover, neither the Federal Rules of Civil Procedure nor in the Local Civil Rules for District of Connecticut preclude Chase from filing the Motion to Consolidate merely by virtue of Stop & Shop's filing a motion to dismiss. Stop & Shop's attempts to characterize Chase's conduct as "manipulative" and in furtherance of purported use of litigation tactics is without merit and specious.[11]

### 1. The Connecticut Action was not an Anticipatory Filing

Stop & Shop improperly characterizes the Connecticut Action as an anticipatory filing. See Motion at 9-10. As is more fully set forth in Chase's Memorandum, Chase properly seeks a declaratory judgment of the justiciable controversy created by Stop & Shop's demands for damages from Chase by way of the Connecticut Action. See Chase's Memorandum at 7-9. The claims asserted by Stop & Shop in the instant matter arise out of its claims that Stop & Shop was damaged as a result of Chase's purported failure to vacate the Premises by the expiration of its lease with Ridgefield Properties, which holdover allegedly delayed the construction and expansion of its grocery store, also located in the Copps Hill Plaza located in Ridgefield, Connecticut. See Complaint and Jury Demand, dated October 21, 2004, at ¶¶ 1, 31-33, 35. These allegations reiterate those asserted by Stop & Shop in its Demand Letter of January 22, 2004, pursuant to which it demanded compensation from Chase for lost profits, additional construction costs, higher rent, and additional financing expenses. See Demand Letter at 2.

---

[11] Stop & Shop also falsely asserts that the Connecticut District Court has previously refused to allow consolidation of these actions. See Motion at 9. The Motion to Consolidate presently pending before the Connecticut District Court is the first such request that these matters properly be joined. This is further evidence of Stop & Shop's

Furthermore, Chase cannot reach a potential resolution of the Original Action with Ridgefield Properties and Samuels without also accounting for Stop & Shop's claims and demand for damages as well. Indeed, Stop & Shop even participated in the parties' mediation efforts in the United States District Court for the District of Connecticut. Thus, Stop & Shop's assertion that the Connecticut Action is baseless and merely an anticipatory filing is disingenuous.

Incredibly, Stop & Shop also claims that Chase engaged in forum shopping, "jump[ing] at the opportunity" to be a plaintiff in Connecticut rather than a defendant in Massachusetts. See Motion at 10. In doing so, Stop & Shop would have the Court ignore Stop & Shop's own conduct in commencing the instant action solely for purposes of obtaining a convenient forum for itself -- directly contradicting the purpose of the First Filed Rule as well as the arguments made in its own Motion. As discussed above and in Chase's Memorandum, the operative facts giving rise to causes of action and the alleged damages resulting from these facts all occurred exclusively in Connecticut See Chase's Memorandum at 3-6. Thus, it is apparent that the sole purpose behind Stop & Shop's commencement of the instant action in Massachusetts is based upon its own desire to secure a convenient forum in which to litigate its clams. There is no other explanation for Stop & Shop's commencement of this action in Massachusetts Superior Court at Norfolk County -- the county in which Stop & Shop's principal place of business is located. Indeed, this matter has absolutely no other connection to the Massachusetts. Indeed, Stop & Shop has neither denied that operative facts of this case occurred exclusively in Connecticut nor has it offered any evidence regarding any connection between the Massachusetts forum and the issues involved in this litigation, as it cannot. To now complain to the Court that Chase has

---

attempts to confuse the issues before the Court and mischaracterize the facts to create some impropriety on the part of Chase where none exists.

16

purportedly engaged in forum shopping (which Chase denies), which is conduct Stop & Shop itself has engaged in with respect to this matter, is disingenuous and should not be countenanced.

### 2.    The Commencement of the Connecticut Action was Proper

Stop & Shop's argument that the commencement of the Connecticut Action violated the stay issued in the Original Action is unfounded. See Motion at 10-11. The stay granted the parties to the Original Action -- Chase, Ridgefield Properties, and Samuels -- an abeyance of all Court deadlines pending mediation. See Endorsement Order, dated January 13, 2004. By way of endorsement order dated August 12, 2004, the Court extended the stay of the Original Action until the sooner of either November 1, 2004, or further order of the Court. See Endorsement Order, dated August 12, 2004. Stop & Shop is neither a party to the Original Action nor governed by the terms of the stay. The stay did not prevent Stop & Shop from taking any separate action, nor did it prevent Chase from taking any separate action against Stop & Shop. Whether Stop & Shop was prepared to but refrained from filing an action against Chase (as it claims), was its own decision. It cannot now try to negate that decision by mischaracterizing Chase's commencement of the Connecticut Action as tactical or improper for purposes of this Motion.

Finally, Stop & Shop cannot reasonably assert that it was misled into believing that the mediation process was going forward on October 20, 2004, before Magistrate Judge Martinez. In advance of that conference Chase's counsel contacted counsel for Ridgefield Properties and Samuels, Stop & Shop's counsel, and Magistrate Judge Martinez to report that, given the nature of Ridgefield Properties and Stop & Shop's demands, Chase would be unable to produce a representative with authority to accept those demands, and accordingly requested that the October 20, 2004, mediation be converted into a status conference. See Fisher Aff. at ¶ 3. As a

result, the anticipated mediation was converted into a telephonic status conference. See Fisher Aff. at ¶ 4. At the October 20, 2004, status conference Chase confirmed that, in light of the demands being made by Stop & Shop and Ridgefield Properties, Chase would not authorize any representative to accept those demands; Chase therefore proposed that the mediation (which was then scheduled to end eleven days later on November 1, 2004) be concluded. See Fisher Aff. at ¶ 5. In any event, a party "is not obligated to continue what, in [its] view, was a fruitless negotiation before coming to court." Feinstein v. Brown, 304 F. Supp. 2d 279, 283 (D.R.I. 2004). Accordingly, Stop & Shop fails to set forth any valid or credible basis upon which to avoid the application of the First Filed Rule. As such, Chase submits that the Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, the defendant, JPMorgan Chase Bank, n/k/a JPMorgan Chase Bank, N.A., respectfully requests that the Court deny The Stop & Shop Supermarket Company LLC's Motion to Remand and Opposition to JPMorgan Chase Bank's Motion to Dismiss or Alternatively to Transfer Venue, dated December 7, 2004. Chase further requests that the Court grant its Motion to Dismiss or Alternatively to Transfer Venue, dated November 23, 2004.

## REQUEST FOR ORAL ARGUMENT

Chase respectfully requests that a hearing be scheduled before the Court for purposes of oral argument in connection with the opposition to the Motion to Remand.

Dated:  December 21, 2004
        Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
JPMORGAN CHASE BANK,

By: _____
Thomas J. Finn
(BBO # 561346)
McCARTER & ENGLISH LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397

## CERTIFICATION

This is to certify that on this 21st day of December, 2004, a copy of the foregoing was mailed, postage pre-paid, to:

Frank J. Bailey, Esq.
James W. Matthews, Esq.
Anthony L. DeProspo, Jr., Esq.
Sherin & Lodgen LLP
101 Federal Street
Boston, MA  02110

Thomas J. Finn

HARTFORD: 629184.02

20

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    FILED

```
-------------------------------x
                               :        2004 DEC 16  P 3: 49
JP MORGAN CHASE BANK,          :
                               :        U.S. DISTRICT COURT
      Plaintiff,               :           HARTFORD, CT.
                               :
v.                             :        Civil No.  3:04CV02266(AWT)
                               :
                               :
RIDGEFIELD PROPERTIES, LLC,    :
and SAMUELS & ASSOCIATES       :
MANAGEMENT, LLC,               :
                               :
      Defendants.              :
-------------------------------x
```

<u>ORDER OF TRANSFER</u>

In the interest of justice, this case is hereby transferred
to Judge <u>Robert N. Chatigny</u>. All further pleadings or documents
in this matter should be filed with the Clerk's Office in
<u>Hartford</u> and shall bear the docket number 3:04CV02266(<u>RNC</u>).
Pleadings or documents related to this action and filed in any
other seat of court will be refused at the Clerk's Office and
returned to you unfiled. <u>See</u> D. Conn. L. Civ. R. 3(a).

It is so ordered.

Dated this <u>15th</u> day of December, 2004, at Hartford,
Connecticut.

                              Alvin W. Thompson
                       United States District Judge



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JPMORGAN CHASE BANK,                    :

                          Plaintiff,    :    CIVIL ACTION NO.
                                        :    3: 02-CV-2266 (AWT)
                                        :
          v.                            :
                                        :
RIDGEFIELD PROPERTIES LLC and           :
SAMUELS & ASSOCIATES                    :
MANAGEMENT, LLC,                        :
                                        :
                          Defendants.   :    DECEMBER 19, 2003


### STIPULATION FOR REFERENCE TO ADR

JPMorgan Chase Bank ("Chase"), Ridgefield Properties LLC

("Ridgefield Properties") and Samuels & Associates Management, LLC

("Samuels"), pursuant to Rule 16(h) of the Local Civil Rules of the United States

District Court for the District of Connecticut, move the Court to Endorse this

Stipulation for Reference to ADR and stay this action.

GRANTED. This action is hereby stayed, except with respect to ADR proceedings, until further order of the court. It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT 1/13/04

FILED

2004 JAN 14 P 12: 58

U.S. DISTRICT COURT
HARTFORD, CT

## I.    FORM OF ADR PROCEDURE.

Pursuant to the Court's Referral to Magistrate Judge, dated September 16, 2003, on November 14, 2003, the parties conducted a settlement conference with United States Magistrate Judge Donna F. Martinez. The parties intend to continue mediation of all claims before Judge Martinez. The next scheduled date is January 22, 2004.

## II.    STAY OF PROCEEDINGS.

Given the deadlines established by the Court's September 19, 2003 Endorsement of the Joint Report of Parties' Planning Meeting, in particular the April 30, 2003 discovery deadline, the parties request an abeyance of all Court deadlines during the pendancy of mediation.

## III.    PRE-MEDIATION PROCEDURES.

The parties have begun mediation. In accordance with the Court's Order dated October 9, 2003, the parties submitted a Joint Mediation Report and *ex parte* Mediation Statements to the Court. The parties have also exchanged

settlement demands.  No further submissions are needed at this time to continue

the process.

### IV.    THE EFFECT OF THE ADR PROCESS.

Mediation is nonbinding.

### V.    PROGRESS REPORTS.

The parties will file a progress report with the Court on or before

February 5, 2004.

### VI.    SPECIAL CONDITIONS.

The parties do not request special conditions.

[Signatures Follow on the Next Page]

PLAINTIFF, JPMORGAN CHASE BANK

By: _____

Peter W. Hull (CT 17230)
Jason C. Welch (CT 23418)
McCarter & English
City Place I, 36th Floor
Hartford, CT 06103-3495
860.275.6700
phull@mccarter.com


DEFENDANTS, RIDGEFIELD
PROPERTIES LLC and SAMUELS &
ASSOCIATES MANAGEMENT, LLC

By: _____

Jeffrey X. Mirman (CT 05433)
Levy & Droney PC
74 Batterson Park Road
Farmington, CT 06034
860.676.3120

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JPMORGAN CHASE BANK,                    )
                                        )
                        Plaintiff,      )     CIVIL ACTION NO.
                                        )     3:02-CV-2266 (AWT)
        v.                              )
                                        )
RIDGEFIELD PROPERTIES LLC and           )
SAMUELS & ASSOCIATES                    )
MANAGEMENT, LLC,                        )
                                        )
                        Defendants.     )     August 4, 2004

2004 AUG -6  A 11: 03

## ADR STATUS REPORT AND REQUEST TO CONTINUE STAY

JPMorgan Chase Bank ("Chase"), Ridgefield Properties LLC ("Ridgefield

Properties") and Samuels & Associates Management, LLC ("Samuels"), pursuant to the Court's

Notice to Parties, dated February 20, 2004, respectfully submit this ADR Status Report and

Request to Continue Stay.

The parties have met several times with Magistrate Judge Martinez in an effort to

resolve this dispute. On July 22, 2004, the parties met again with Magistrate Judge Martinez,

this time with a third-party claimant, Stop and Shop Supermarkets ("Stop and Shop").

In an effort to move the mediation process forward, a schedule was agreed upon

by the parties and Stop and Shop. This schedule calls for a mutual exchange of documents

between the Chase and Stop and Shop on August 25, 2004. The schedule further calls for an

exchange of offers and demands. A teleconference between the parties, Stop and Shop, and

Magistrate Judge Martinez is scheduled for October 1, 2004, with a mediation conference in

Magistrate Judge Martinez's chambers scheduled for October 20, 2004.

Accordingly, the parties respectfully request that the stay continue until

November 1, 2004. At which time, if not withdrawn, the parties will file with the Court a new

Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

WHEREFORE, the parties respectfully request that the stay continue to

November 1, 2004.

PLAINTIFF, JPMORGAN CHASE BANK

By: _____

    Jason C. Welch (CT 23418)
    McCarter & English
    City Place I, 36th Floor
    Hartford, CT 06103-3495
    860.275.6700
    jwelch@mccarter.com

DEFENDANTS, RIDGEFIELD PROPERTIES
LLC and SAMUELS & ASSOCIATES
MANAGEMENT, LLC

By: _____

    Jeffrey J. Mirman (CT 05433)
    Levy & Droney PC
    74 Batterson Park Road
    Farmington, CT 06034
    860.676.3120

HARTFORD: 619609.01

O1763-tr-121604.pdf

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    FILED

```
-------------------------------x
                               :        2004 DEC 16  P 3:48
JP MORGAN CHASE BANK,          :
                               :        U.S. DISTRICT COURT
     Plaintiff,                :            HARTFORD, CT.
                               :
v.                             :        Civil No. 3:04CV01763(AWT)
                               :
                               :
STOP & SHOP SUPERMARKET CO.,   :
                               :
     Defendant.                :
                               :
-------------------------------x
```

## ORDER OF TRANSFER

In the interest of justice, this case is hereby transferred to Judge Janet Bond Arterton All further pleadings or documents in this matter should be filed with the Clerk's Office in New Haven  and shall bear the docket number 3:04CV01763(JBA). Pleadings or documents related to this action and filed in any other seat of court will be refused at the Clerk's Office and returned to you unfiled.  See D. Conn. L. Civ. R. 3(a).

It is so ordered.

Dated this 15th day of December, 2004, at Hartford, Connecticut.

                    Alvin W. Thompson
              United States District Judge

FILED

UNITED STATES DISTRICT COURT

2004 DEC -9  A 11: 47

DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
HARTFORD, CT.

JPMORGAN CHASE BANK                    :

Vs.                            :        CASE NO. 3:04CV1763(AWT)

STOP & SHOP SUPERMARKET CO.        :

## NOTICE TO THE PARTIES

It has come to the Court's attention that within the last few months, the file-stamp machine located outside of the Clerk's Office was off one hour. The Court has no indication when this actually happened, and we have no way of verifying the specific date.

Dated at Hartford, Connecticut, this 9th day of December, 2004.

KEVIN F. ROWE, CLERK

By: _____
        Mary A. Wiggins
        Deputy-in-Charge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JPMORGAN CHASE BANK,         :      CIVIL ACTION NO.:

      Plaintiff,            :      3:04 CV 1763 (AWT)

V.                        :

                          :

STOP & SHOP SUPERMARKET CO.,   :

      Defendant.          :      NOVEMBER 30, 2004

**U.S. DISTRICT COURT**
**HARTFORD CT**
**2004 NOV 30  P 2: 51**
**FILED**

## **MOTION TO CONSOLIDATE**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 7 of the Local

Civil Rules of the United States District Court for the District of Connecticut, the plaintiff,

JPMorgan Chase Bank, n/k/a JPMorgan Chase Bank, N.A. ("Chase"), hereby moves this Court

for an order consolidated the above-captioned action with another action pending before this

Court entitled, JPMorgan Chase Bank v. Ridgefield Properties LLC, et al., Civil Action No.:

3:02 CV 2266 (AWT) (the "Ridgefield Action"), for all purposes, including trial.

Chase respectfully submits that consolidation of the above-captioned action with the

Ridgefield Action is appropriate pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

The claims asserted in both actions arise out of the same underlying transaction and occurrence,

involve the same parties, and involve common questions of law and fact. These actions should

be consolidated in the interests of judicial economy and to avoid the unnecessary cost and

duplicity in litigating two separate actions.

**ORAL ARGUMENT REQUESTED**

This Motion is based on all of the papers and records on file in this action, including Exhibit 1 attached hereto, the Memorandum of Law in Support of Motion to Consolidate, and on any oral argument or evidence that may be presented at the requested hearing of this Motion.

WHEREFORE, the plaintiff, JPMorgan Chase Bank, n/k/a JPMorgan Chase Bank, N.A., requests that the Court grant its Motion to Consolidate, dated November 30, 2004, and issue an order consolidating the action entitled, <u>JPMorgan Chase Bank v. Ridgefield Properties LLC, et al.</u>, Civil Action No.: 3:02 CV 2266 (AWT), and the above-captioned matter for all purposes, including trial.

Dated: November 30, 2004
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
JPMORGAN CHASE BANK,

By:_____
    Timothy S. Fisher
    Federal Bar No.: ct 05370
    Jason C. Welch
    Federal Bar No.: ct 23418
    McCARTER & ENGLISH LLP
    CityPlace I
    185 Asylum Street
    Hartford, Connecticut 06103
    Tel: 860.275.6700
    Fax: 860.724.3397

## <u>CERTIFICATION</u>

This is to certify that on this 30th day of November, 2004, a copy of the foregoing was mailed, postage pre-paid, to:


Lewis K. Wise, Esq.
Rogin, Nassau, Caplan,
    Lassman & Hirtle, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, Connecticut 06103

                                   Timothy S. Fisher


HARTFORD: 627835.01

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 3:04 CV 1763 (AWT) |
| | : | |
| V. | : | |
| | : | |
| STOP & SHOP SUPERMARKET CO., | : | |
| Defendant. | : | NOVEMBER 30, 2004 |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO CONSOLIDATE**



McCARTER & ENGLISH LLP
Timothy S. Fisher
Federal Bar No.: ct 05370
Jason C. Welch
Federal Bar No.: ct 23418
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397

## INTRODUCTION

The plaintiff, JPMorgan Chase Bank, n/k/a JPMorgan Chase Bank, N.A. ("Chase") submits this Memorandum of Law in Support of its Motion to Consolidate, dated November 30, 2004.

Consolidation of the above-captioned action with a related matter also pending before this Court entitled, JPMorgan Chase Bank v. Ridgefield Properties LLC, et al., Civil Action No.: 3:02 CV 2266 (AWT) (the "Ridgefield Action"), is appropriate pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The claims asserted in these actions arise out of the same underlying transaction and occurrence, involve the same parties, and concern common questions of law and fact. Chase submits that these matters should be consolidated in the interests of judicial economy and to properly avoid unnecessary cost, duplicity, and delay. Accordingly, Chase respectfully requests an order from this Court consolidating these actions for all purposes, including trial.

## FACTS

The instant action arises out of the same facts and circumstances at issue in the Ridgefield Action, a related matter also pending before this Court. The Ridgefield Action was commenced by Chase in connection with its right to holdover past the expiration of the term of its lease of the premises where Chase operated a retail banking branch located at the Copps Hill Plaza, in Ridgefield, Connecticut (the "Premises"). Specifically, Chase seeks a declaratory judgment as to its justification and entitlement to remain at the Premises due to various factors out of its control, as well as seeks damages arising from improper conduct by the defendants, Ridgefield Properties LLC ("Ridgefield Properties") and Samuels & Associates Management LLC ("Samuels"), during lease negotiations and losses sustained as a result of disruption caused

2

by construction activity at the Copps Hill Plaza. See Amended Complaint, dated January 8, 2004

("Amended Complaint") (attached to the Motion as Exhibit 1). On or about August 11, 2003,

Ridgefield Properties filed a Counterclaim against Chase asserting causes of action for breach of

the lease, tortious interference, and violation of the Connecticut Unfair Trade Practices Act. See

Defendants' Answer and Affirmative Defenses to Amended Complaint and Counterclaim by

Ridgefield Properties LLC, dated August 11, 2003. By way of this Court's endorsement order

dated January, 13, 2004, the Ridgefield Action was stayed pending mediation of the parties'

claims.

On January 22, 2004, the defendant in the instant action, Stop & Shop Supermarket Co.

("Stop & Shop") made a demand for damages on Chase for injuries it purportedly suffered as a

result of Chase's holdover at the Premises. See Correspondence from Frank J. Bailey, Esq. to

Chase, dated January 22, 2004 ("Demand Letter") (attached to the Complaint, dated October 20,

2004, as Exhibit G). Stop & Shop, who operates a supermarket at the Copps Hill Plaza, claimed

that it was prevented from commencing construction of a renovation and expansion of its

supermarket. Its purported damages included "lost profits, higher construction costs, higher rent,

and additional financing expenses." Demand Letter at 2.

Stop & Shop's demand for damages created a justiciable controversy which arose directly

out of the circumstances and holdover tenancy at issue in the Ridgefield Action. Also, Stop &

Shop's demands further prohibited any potential resolution of the dispute between Chase and

Ridgefield Properties and Samuels as Chase could not resolve the claims in the Ridgefield

Action without also accounting for Stop & Shop's claims as well. Accordingly, Chase

commenced the instant declaratory judgment action against Stop & Shop entitled, JPMorgan

3

Chase Bank v. Stop & Shop Supermarket Co., 3:04 CV 1763 (AWT) (the "Stop & Shop Action").[1] See Complaint, dated October 20, 2004 ("Complaint").

## ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides a Court with authority to consolidate actions involving common questions of law or fact in order to avoid unnecessary cost or delay. See, e.g., Devlin v. Transp. Communications Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990). Specifically, Rule 42(a) provides, in pertinent part, that "[w]hen actions involving a common question of law are pending before the court, . . . it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions is soundly within the Court's discretion. See Johnson, 899 F.2d at 1284. In determining whether consolidation is appropriate, courts must consider the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.

Johnson, 899 F.2d at 1285 (quotation omitted).

Further, in determining whether consolidation is appropriate, a court must consider both equity and judicial economy. See Devlin, 175 F.3d at 130. Where judicial economy would be

---

[1] The next day, on October 21, 2004, Stop & Shop filed a Complaint and Jury Demand, dated October 21, 2004, in the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Norfolk County. Chase removed the action to the United States District Court for the District of Massachusetts, Eastern Division, pursuant to 28 U.S.C. § 1446 on November 18, 2004. On November 23, 2004, Chase filed a Motion to Dismiss or Alternatively to Transfer Venue to this Court, which Motion is currently pending before the United States District Court for the District of Massachusetts, Eastern Division.

served, courts favor consolidation of actions. See Johnson, 899 F.2d at 1285; Weltz v. Lee, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). "The Rule should be prudently employed as a valuable and important tool of judicial administration invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotations omitted); see Purcell v. Town of Cape Vincent, 281 F. Supp. 2d 469, 474 (N.D.N.Y. 2003).

I.      **The Ridgefield Action and the Stop & Shop Action Involve Common Questions of Law and Fact and Consolidation is Appropriate to Avoid Unnecessary Costs and Delay**

The Ridgefield and Stop & Shop Actions, both pending before this Court, involve common questions of law and fact and, therefore, should properly be consolidated in their entirety in accordance with Rule 42(a). Both Actions arise out of the same operative facts, involve the same parties, and require resolution of the same questions of law and fact. Particularly, the Ridgefield Action and the Stop & Shop Action both involve the following common issues: (1) whether Chase had a right to holdover under the terms of the lease; (2) whether Chase's holdover past the expiration of the lease was caused in whole or in part by the conduct of either Ridgefield Properties or Stop & Shop; (3) whether Chase's holdover proximately caused the alleged delays claimed by Ridgefield Properties and Stop & Shop to their construction and renovation projects; and (4) whether the purported delays were caused by events for which Ridgefield Properties was responsible. Compare Amended Complaint with Complaint. In light of these common issues and claims, consolidation is appropriate. See Weltz, 199 F.R.D. at 131 (holding consolidation to be in the best interests of judicial economy because the claims in the related actions arose out of the same legal document and involved the same factual and legal issues); Tyson v. Tilghman, 764 F. Supp. 251, 252 n.1 (D. Conn. 1991)

(consolidating two actions because they involve similar claims raising common questions of law and fact).

Consolidation of these actions will serve the valuable public interest of judicial economy by providing for the efficient resolution of all the parties' claims in one suit, rather than two parallel actions. "The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure." <u>Devlin</u>, 175 F.3d at 130 (quoting <u>Miller v. United States Postal Serv.</u>, 729 F.2d 1033, 1036 (5th Cir. 1984)). Consolidation of the Ridgefield Action and the Stop & Shop Action would avoid the unnecessary duplicity of relitigating the same issues two separate actions and further eliminate the potential for inconsistent findings of law and fact. Additionally, it will be less burdensome and costly on the parties, witnesses, as well as the Court if the issues and claims were resolved in one single action. Finally, none of the parties would be prejudiced as the Ridgefield and Stop & Shop Actions are both in the preliminary stage of litigation. Indeed, litigating the common claims in one suit would only serve to streamline the litigation of the parties' dispute and avoid unnecessary waste of judicial time and resources, as well as the parties' resources, in litigating two related actions. Accordingly, Chase respectfully submits that the Ridgefield and Stop & Shop Actions, both pending before this Court, should be consolidated.

## CONCLUSION

Based on the foregoing, the plaintiff, JPMorgan Chase Bank, n/k/a JPMorgan Chase

Bank, N.A., respectfully requests that the Court grant its Motion to Consolidate, dated November

30, 2004, and consolidate the action entitled, JPMorgan Chase Bank v. Ridgefield Properties

LLC, et al., Civil Action No.: 3:02 CV 2266 (AWT), and the above-captioned matter for all

purposes, including trial.

Dated:  November 30, 2004
       Hartford, Connecticut

                             RESPECTFULLY SUBMITTED,

                             THE PLAINTIFF,
                             JPMORGAN CHASE BANK,

By:
                             Timothy S. Fisher
                             Federal Bar No.: ct 05370
                             Jason C. Welch
                             Federal Bar No.: ct 23418
                             McCARTER & ENGLISH LLP
                             CityPlace I
                             185 Asylum Street
                             Hartford, Connecticut 06103
                             Tel: 860.275.6700
                             Fax: 860.724.3397

## **CERTIFICATION**

This is to certify that on this 30th day of November, 2004, a copy of the foregoing was mailed, postage pre-paid, to:

Lewis K. Wise, Esq.
Rogin, Nassau, Caplan,
   Lassman & Hirtle, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, Connecticut 06103

_____
Timothy S. Fisher

HARTFORD: 627836.01

8