UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| THE STOP & SHOP SUPERMARKET COMPANY LLC, | : | CIVIL ACTION NO.: 04 CV 12441 (NMG) |
| Plaintiff, | : | |
| V. | : | |
| JPMORGAN CHASE BANK, | : | |
| Defendant. | : | DECEMBER 21, 2004 |

**AFFIDAVIT OF PAULA CRUZ CEDILLO IN SUPPORT OF JPMORGAN CHASE BANK'S MEMORANDUM OF LAW IN OPPOSITION TO THE STOP & SHOP SUPERMARKET COMPANY LLC'S MOTION TO REMAND AND REPLY TO OPPOSITION TO JPMORGAN CHASE BANK'S MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER VENUE**

I, Paula Cruz Cedillo, do hereby swear and affirm under the penalty of perjury as follows:

1. I am an attorney with the law firm of McCarter & English LLP, counsel for the defendant, JPMorgan Chase Bank, n/k/a JPMorgan Chase Bank, N.A. ("Chase"), in the above-captioned matter. I make this affidavit in connection with Chase's Memorandum of Law in Opposition to The Stop & Shop Supermarket Company LLC's Motion to Remand and Reply to Opposition to JPMorgan Chase Bank's Motion to Dismiss or Alternatively to Transfer Venue, dated December 21, 2004.

2. I personally filed the Complaint, dated October 20, 2004, ("Complaint") in the United States District Court for the District of Connecticut, commencing the action entitled

JPMorgan Chase Bank v. Stop & Shop Supermarket Co., 3:04 CV 1763 (AWT) (the "Connecticut Action").

3. I was present when Timothy S. Fisher, Esq. ("Mr. Fisher") attempted to contact counsel for The Stop & Shop Supermarket Company LLC ("Stop & Shop") on October 20, 2004, at approximately 4:00 p.m. After leaving a voicemail message for Stop & Shop's counsel, Mr. Fisher advised me to proceed to file the Complaint.

4. I arrived at the courthouse on October 20, 2004, at approximately 4:45 p.m. As the doors to the Clerk's office close at 4:00 p.m., I time-stamped the Complaint at the file-stamp machine located outside the Clerk's office and deposited the Complaint in the drop-box provided by the Court.

5. Despite having filed the Complaint at 4:47 p.m., the time on the file-stamp machine was off one hour. Thus, the time-stamp on the Complaint erroneously indicated that the Complaint was filed at 3:47 p.m.

6. On November 22, 2004, Chase, through its counsel, Mr. Fisher, Thomas J. Finn, Esq. ("Mr. Finn"), and I attempted to meet and confer prior to filing Chase's Motion to Dismiss or Alternatively to Transfer Venue, dated November 23, 2004 ("Motion to Dismiss"). I faxed a copy of the proposed motion to Stop & Shop's counsel, Frank J. Bailey, Esq. ("Mr. Bailey").

7. On November 23, 2004, Mr. Finn, Mr. Bailey, and I participated in a meet and confer concerning the Motion to Dismiss.

8. During the telephone conference, I represented to Mr. Bailey that I personally filed the action and explained the circumstances surrounding the filing of the Complaint in an

2

3

effort to clarify Mr. Bailey's misperception regarding the propriety of the timing of the filing of the Complaint. Mr. Finn and I further stated that we did not know the reason why the file-stamp machine was off by one hour.

9.  Neither I nor Mr. Finn at any time stated or represented to Mr. Bailey in any way that it is the "custom and practice" of the United States District Court for the District of Connecticut to time-stamp documents one hour behind the actual time of filing.

*Paula Cedillo*
Paula Cruz Cedillo

Signed and sworn to before me on this 21st day of December, 2004.

*[signature]*
Commissioner of the Superior Court

HARTFORD: 629180.01

3